FILED
United States Court of Appeals
Tenth Circuit

December 17, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

In re:  DONALD TROY STAKER;
KERRY LEE STAKER,

        Debtors.

-------------------------------------

DONALD TROY STAKER;
KERRY LEE STAKER,

        Plaintiffs-Appellants,

v.

WELLS FARGO BANK, N.A., d/b/a
America's Servicing Company on behalf
of Deutsche Bank National Trust
Company, Trustee for HSI Asset Loan
Oblig. Trust 2006-2, Certs. 2006-2;
GMAC MORTGAGE, LLC,

        Defendants-Appellees,

and

GARY E. JUBBER, Chapter 7 Trustee;
UNITED STATES TRUSTEE,

        Appellees,

and

BACKMAN TITLE SERVICES, LTD.;
OLD REPUBLIC TITLE COMPANY OF
UTAH; AMERICAN BROKER
CONDUIT,

        Defendants.

No. 13-4070
(BAP No. 12-092-UT)
(BAP)

In re: DONALD TROY STAKER;
KERRY LEE STAKER,

        Debtors.

------------------------------------

DONALD TROY STAKER;
KERRY LEE STAKER,

        Plaintiffs-Appellants,

v.

GARY E. JUBBER, Chapter 7 Trustee;
WELLS FARGO BANK, N.A.,
d/b/a America's Servicing Company
Loan Servicer for US Bank National
Association, Trustee for Citigroup
Mortgage Loan Trust, Inc., Mortgage
Pass-Through Certificates, Series 2005-8;
UNITED STATES TRUSTEE,

        Appellees,

and

US BANK NATIONAL ASSOCIATION;
AMERICAN HOME MORTGAGE
ACCEPTANCE, INC.; EAGLE POINTE
TITLE,

        Defendants.

No. 13-4071
(BAP No. 12-091-UT)
(BAP)

**ORDER AND JUDGMENT**[*]

---

[*]     After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of

(continued)

Before **GORSUCH**, **ANDERSON**, and **HOLMES**, Circuit Judges.

Donald Troy Staker and Kerry Lee Staker (the Stakers) appeal from the Bankruptcy Appellate Panel's (BAP) decision dismissing for lack of standing and for mootness their appeals from the bankruptcy court's remand of two adversary proceedings to Utah state court.[1] Exercising jurisdiction under 28 U.S.C. § 158(d), we affirm the dismissal for lack of standing.

Because the parties are familiar with the facts and lengthy procedural history, we provide only an abbreviated version of both. The Stakers purchased two properties, borrowing money from different mortgage lenders to finance the purchases. The original lenders assigned the promissory notes, secured by deeds of trust, to US Bank and Deutsche Bank, who in turn hired Wells Fargo Bank, N.A., doing business as America's Servicing Company, to service the loans (collectively, the banks). Several years after purchasing the properties, the Stakers filed two quiet title actions in Utah state court, resulting in default judgments against the original

these appeals. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The cases are therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1]    The Stakers proceeded pro se until they filed their reply brief with this court. We liberally construe their pro se filings. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam).

- 3 -

lenders and others and a nullifying of the deeds of trust held by the banks, who had not received notice of the default proceedings. Upon learning of the default judgments and nullifying of the deeds of trust, the banks moved to intervene and to vacate the default judgments.

About the same time, the Stakers filed for Chapter 7 bankruptcy relief. The bankruptcy court appointed a Trustee, who removed the pending state-court actions to the bankruptcy court as adversary proceedings. Subsequently, the banks and the Trustee entered into a settlement agreement. After the bankruptcy court approved the agreement, the banks and the Trustee filed a stipulated motion to remand the adversary proceedings to the state court in order to allow that court to set aside the default judgments pursuant to the settlement agreement. The bankruptcy court granted remand, and the Stakers appealed to the BAP.[2] Subsequently, the BAP dismissed the Stakers' appeals, deciding that the appeals were moot and that the Stakers lacked standing to appeal the bankruptcy court's remand to state court. The BAP also denied the Stakers' motion for rehearing. These appeals, which we have consolidated, followed.

Because we can decide this case on lack of standing, we need not review the BAP's mootness determination. Our review of the standing issue is de novo. *Nova Health Sys. v. Gandy*, 416 F.3d 1149, 1154 (10th Cir. 2005).

---

[2]     Upon remand, the Utah state court granted motions by the banks to vacate the default judgments and dismissed the quiet title actions with prejudice. The state court has stayed its decision due to pending motions for relief filed by the Stakers.

It is settled that the Stakers bear the burden "to allege facts demonstrating that [they are] proper part[ies] to invoke judicial resolution of the dispute and the exercise of the court's remedial powers." *Warth v. Seldin*, 422 U.S. 490, 518 (1975). They, however, have not met this burden.

Under 11 U.S.C. § 541(a)(1), the bankruptcy estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case." "Where a cause of action belonging to the debtor has been merged into judgment prior to bankruptcy, the estate succeeds to all rights under such judgment." 5 Collier on Bankruptcy § 541.07[4] (Alan N. Resnick and Henry J. Sommer, eds., 16th ed. 2013). Thus, by filing for bankruptcy, all of the Stakers' interests in property became property of the bankruptcy estate, including the default judgments. *See Mauerhan v. Wagner Corp.*, 649 F.3d 1180, 1184 n.3 (10th Cir. 2011) (citing § 541(a)(1) and *Sender v. Buchanan (In re Hedged-Investments Assocs., Inc.)*, 84 F.3d 1281, 1285 (10th Cir. 1996)). Furthermore, the bankruptcy estate's Trustee has "the sole capacity to sue and be sued over [property] of the estate." *Id*. (citing 11 U.S.C. § 323(b)). He was the real party in interest with standing to enter into a settlement concerning the default judgments. *See Reed v. City of Arlington*, 650 F.3d 571, 575 (5th Cir. 2011) ("The Trustee became the real party in interest upon filing, vested with the authority and duty to pursue the judgment . . . as an asset of the bankruptcy estate.").

Although acknowledging these principles, the Stakers assert that they "have standing to defend their exempted property from post-discharge attachment for the repayment of discharged creditors." Reply Br. at 24. Because there were no objections to their claimed exemptions as to one property and to part of the value of the other, they maintain the property is excluded from the estate. Their claimed exemptions, however, are irrelevant to the issue of standing over the state-court judgments. As the BAP decided, standing lies with the Trustee, who controls the estate property. *See C.W. Mining Co. v. Aquila, Inc. (In re C.W. Mining Co.)*, 636 F.3d 1257, 1263 (10th Cir. 2011) (stating in involuntary corporate bankruptcy that "[t]he only person with standing or legal capacity to represent [the debtors] in any litigation . . . is [the] Trustee." (internal quotation marks and emphasis omitted)). Moreover, the Stakers, who bear the burden of proving standing, provide no authority to support their argument that they have standing to control a lawsuit that is estate property simply by claiming property to be exempt.

The Stakers also contend that they have standing because they cannot be deprived of their post-discharge exempt property without due process. "[D]ue process requires notice and a meaningful opportunity to be heard." *Standard Indus., Inc. v. Aquilla, Inc. (In re C.W. Mining Co.)*, 625 F.3d 1240, 1244 (10th Cir. 2010). This argument also lacks merit. The Stakers voluntarily filed for Chapter 7 bankruptcy relief and the Trustee was appointed to exclusively control the bankruptcy estate. Acting within his authority, the Trustee entered into the

settlement agreement and moved to remand. In any event, the Stakers were able to participate in the process by objecting to the settlement agreement and to the motion to remand and by appearing at the evidentiary hearings held for both. They have not shown any due process violation that would give them standing to challenge the bankruptcy court's decision.

Finally, the Stakers contend that because the state-court judgments had been executed before they filed for bankruptcy, no property rights remained for the bankruptcy estate to acquire. To the contrary, as indicated above, the state-court judgments themselves were property of the bankruptcy estate.

Accordingly, the BAP's judgment is affirmed.

Entered for the Court

Jerome A. Holmes
Circuit Judge